IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dr. Anthony Bernard Jones, Sr., | ) | C/A No. 0:12-915-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Latermore Wilder, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Anthony Bernard Jones, Sr. ("Jones"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the plaintiff's motion for summary judgment.[1] (ECF No. 56.) Defendant Wilder filed a response in opposition. (ECF No. 62.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the plaintiff's motion should be denied.

## BACKGROUND

Jones's Complaint raises allegations of excessive force stemming from an argument between Jones and the defendant that ultimately resulted in Defendant Wilder allegedly using his taser against Jones multiple times. Jones seeks monetary relief.

---

[1] The defendant indicated that he does not intend to file a dispositive motion in this case. (See ECF No. 60.)



## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see,



e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Jones's Motion for Summary Judgment**

In his motion, Jones appears to allege that because Defendant Wilder did not file a dispositive motion in this matter and because the parties do not dispute that the assault by Defendant Wilder actually occurred, Jones is entitled to summary judgment. In response to Jones's motion, Defendant Wilder argues that "[a] factual dispute exists as to the events leading up to the use of the taser" and that therefore Jones's motion should be denied. (ECF No. 62 at 2.) Additionally, Defendant Wilder provides affidavit testimony in which he swears that his use of the taser on Jones was necessary to restore order, as he avers that Jones was refusing orders and throwing urine at him. (Wilder Aff. ¶ 4, ECF No. 62-1 at 2.)

The arguments raised in Jones's motion are not a basis for Jones to receive summary judgment in his favor. Moreover, upon review of the file, the court observes that there appears to be a genuine issue of material fact and that, accordingly, Jones is not entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a).

**RECOMMENDATION**

Accordingly, the court recommends that Jones's motion for summary judgment be denied (ECF No. 56) and that this case be set for trial.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 30, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).