IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dr. Anthony Bernard Jones, Sr., ) | Civil Action No.: 0:12-cv-00915-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Latermore Wilder, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Dr. Anthony Bernard Jones, Sr., a state prisoner proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights by Defendant Latermore Wilder. Plaintiff filed a motion for summary judgment. The matter is now before the Court for review of the Report and Recommendation of United States Magistrate Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. The Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199

(4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is **ORDERED** that Plaintiff's motion for summary judgment (ECF No. 56) is **DENIED**.

As Plaintiff's motion for summary judgment has been denied and as Defendant has not filed a dispositive motion, the case should proceed to trial. According to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent [a pro se Plaintiff] unable to afford counsel." Specifically, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Leeke v. Collins, 574 F.2d 1147, 1153 (4th Cir. 1978). Additionally, the Court may use its discretion to appoint counsel for an indigent in a civil action. Smith v. Blackledge, 451 F.2d 1201 (4th Cir. 1971). Defendant, although given a second opportunity by the Magistrate Judge, never filed a dispositive motion. Accordingly, the Court finds that the appointment of counsel is justified to ensure that the Plaintiff, who has limited resources and had no legal training, receives a fundamentally fair trial.

Thus, it is **ORDERED** that Brendan Barth, Esquire,[1] of Florence, South Carolina, who is experienced and knowledgeable in these matters, is **APPOINTED** as counsel to assist Plaintiff in the instant case.  Mr. Barth is ordered to contact Plaintiff, who the Court believes is currently incarcerated at the Lee Correctional Institution, within thirty days.  The Clerk of Court is directed to send a copy of this order appointing counsel to both Plaintiff and Mr. Barth.  Mr. Barth shall have access to court filings on ECF and shall consult with opposing counsel within a reasonable period of time regarding (1) the need for any limited discovery by Mr. Barth, (2) the mediation of the case, and (3) the submission of a short proposed consent scheduling order, which should include deadlines for limited discovery and mediation.  The proposed consent scheduling order shall be submitted as soon as possible in order for the case to be disposed of in the future.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
June 14, 2013

---

[1] The Court contacted Mr. Barth prior to the entry of this order in an effort to confirm his willingness to serve as a courtesy to the Court.